IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SANDRA KELLY, JANICE WALTMAN, AND SYLVIA PATINO, INDIVIDUALLY & ON BEHALF OF OTHERS SIMILARLY SITUATED,<br><br>    Plaintiffs,<br><br>v.<br><br>HEALTHCARE SERVICES GROUP, INC.,<br><br>    Defendant. | Civil Action No. 2:13-cv-00441-JRG |

## MEMORANDUM AND OPINION

Before the Court is Plaintiffs' Opposed Motion and Brief to Conditionally Certify Collective Action and Send Notice to Class Members Pursuant to 29 U.S.C. § 216(b).  (Dkt. No. 11.)  The Court held a hearing on October 2, 2013.  Having considered the parties' written submissions and oral arguments, the Court **DENIES** the Motion.

Plaintiffs Sandra Kelley, Janice Waltman, and Sylvia Patino (collectively, the "Plaintiffs"), former employees of Defendant Health Services Group, Inc. ("HSG" or "Defendant"), bring this action on their own and on behalf of all other similarly situated employees of HSG pursuant to the provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").  HSG is a corporation providing housekeeping, laundry, dining and nutrition services to various healthcare facilities in forty-eight states.  Plaintiffs previously worked for HSG as Account Managers in HSG's housekeeping sector.  Plaintiffs claim that HSG violated the FLSA by failing to pay Plaintiffs and other similarly situated employees for all hours actually worked and by failing to pay

1

them at least one and a half times their regular pay rates for all hours worked in excess of forty in a work week.  *See* Complaint at ¶ 51.

On July 5, 2013, Plaintiffs filed the instant Motion to Conditionally Certify Collective Action and Send Notice to Class Members.  Plaintiffs seek to certify a nation-wide class consisting of "all Account Managers who were employed by HSG within a three years period preceding filing of this lawsuit, and were classified as salaried employees and exempt from the requirement of [the FLSA], when in reality their work duties and responsibilities did not qualify them for exempt status or were paid hourly and were required to underreport their hours."  To support their Motion for conditional class certification, Plaintiffs submitted the affidavits from six former HSG employees, including two of the named Plaintiffs, who previously worked as Account Managers in HSG's housekeeping sector.

Section 216(b) of the Fair Labor Standards Act authorizes a plaintiff to bring a collective action on behalf of similarly situated persons, provided that any person who desires to become a part of the collective action files a written consent in the court.  29 U.S.C. § 216(b).  District courts have the discretionary power to conditionally certify a collective action and to authorize the sending of notice to potential class members pursuant to § 216(b), but certification is not mandatory.  *Hoffman–La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989).

Courts have used two approaches to determine whether collective treatment under § 216(b) is appropriate: (1) the two-stage class certification set forth in *Lusardi v. Xerox, Corp.*, 118 F.R.D. 351 (D.N.J. 1987); and (2) the "Spurious Class Action" method outlined in *Shushan v. Univ. of Colorado*, 132 F.R.D. 263 (D. Colo. 1990).  The Fifth Circuit has discussed both approaches, but has not adopted a single specific approach.  *See Mooney v. Aramco Servs. Co.*, 54 F.3d 1207,

1212 (5th Cir. 1995) (finding it unnecessary to choose between the tests because either way district court erred in finding plaintiffs were not similarly situated), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003).   Here, both parties agree that the Court should adopt the *Lusardi* two-step approach in deciding whether to certify this case as a collective action.

Under the *Lusardi* two-step approach, certification for collective action is divided into two phases: (1) the notice stage; and (2) the opt-in, or merits, stage.  *Mooney*, 54 F.3d 1207.   In the notice stage, the district court must determine whether to conditionally certify the class and issue notice to the putative class members.  *Allen v. McWane, Inc.*, 2:06-cv-158, 2006 WL 3246531, at *2 (E.D. Tex. Nov. 7, 2006).   Plaintiffs bear the burden of presenting preliminary facts showing that a similarly situated group of potential plaintiffs exist.  *Id.*   "This preliminary factual showing must be based on competent evidence in order to avoid stirring up unwarranted litigation."  *Id.* (citation omitted).   Given that the court only has minimal evidence, however, the standard for conditional class certification is a "fairly lenient one."   *Mooney*, 54 F.3d at 1213.

No specific definition of the term "similarly situated" exists in the FLSA.   In the Fifth Circuit, however, some district courts have recognized that "[t]he key consideration in determining whether the plaintiffs have satisfied this standard is that they must show there to be substantial allegations that potential members were together the victims of a single decision, policy, or plan."   *See, e.g.*, *Richardson v. Wells Fargo Bank, N.A.*, No. 4:11-cv-00738, 2012 WL 334038, at *2 (S.D. Tex. Feb. 2, 2012) (quotations omitted).   In making this determination, courts should consider whether there is evidence that the individual plaintiffs had similar "factual and employment settings" and whether there was a "common policy or plan" that affected the potential plaintiffs.  *Id.*   Even at the notice stage, conditional certification "should be denied if the action

3

arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice." *Id.*  The fundamental inquiry is whether the plaintiffs show "some identifiable facts or legal nexus that bind the claims so that hearing the cases together promotes judicial efficiency."  *McKnight v. D. Hous., Inc.*, 756 F. Supp. 2d 794, 801 (S.D. Tex. 2010).

As noted earlier, Plaintiffs seek to conditionally certify a nation-wide class consisting of all Account Managers employed by HSG within the three-year period preceding the filing of this lawsuit, who were allegedly misclassified as exempt employees under the FLSA.  Plaintiffs appear to further seek the certification of a nation-wide class of all non-exempt Account Managers employed by HSG within the relevant statutory period, who were allegedly required to under-report their hours.[1]  To support its proposed class definition, Plaintiffs submitted the affidavits from six former HSG employees, who previously worked as Account Managers at nine HSG facilities[2] located in Texas, Indiana and North Carolina.   All six witnesses worked in HSG's housekeeping sector.

Plaintiffs' evidence falls short of supporting its broad definition of a nation-wide class consisting of all HSG Account Managers from not only the housekeeping but also other service sectors such as the dietary sector.   First, all of Plaintiffs' witnesses worked in HSG's housekeeping sector with none working in the dietary sector, thus leaving the Court with no basis to determine if Account Managers in the dietary sector are "similarly situated" as those in the housekeeping sector.  Even within the housekeeping sector alone, HSG has provided services to over three thousand facilities in forty-eight states during the relevant statutory period, but

---

1 In its Motion to Conditionally Certify Collective Action, Plaintiffs allege a single class consisting of both the exempt and the non-exempt Account Managers.  (*See* Dkt. No. 11 at 2.)   At the hearing, however, Plaintiffs conceded that the better approach would be to separate exempt and non-exempt Account Managers into two different classes.
2  Two witnesses used to work in different facilities.

4

Plaintiffs' alleged nation-wide class rests solely upon affidavits from former Account Managers who worked in nine facilities located in just three states.   To be clear, Plaintiffs need not provide affidavits from employees working in every HSG facility to support a nation-wide class.  However, absent broader evidence sufficient to show a "common policy or plan" that "bind[s] the claims" of potential plaintiffs, the Court is not persuaded that Plaintiffs have gone far enough to meet their burden.  *See McKnight*, 756 F. Supp. 2d at 801.   The affidavits from former employees working in only three states do not fairly and sufficiently represent the situations of other employees located throughout all forty-eight states, where Plaintiffs seek a nation-wide certification.   *See Edwards v. KB Home*, No. 3-11-240 (S.D. Tex. Sept. 25, 2012) (granting the plaintiffs' motion to conditionally certify a nation-wide class when, aside from thirty-three declarations from salespersons in the Houston area, plaintiffs additionally submitted online job postings which advertised salesperson positions in eight different states (out of twelve in total) and each contained similar job descriptions for such position).   Notably, Plaintiffs did not submit evidence of a national or even regional application.

In sum, Plaintiffs have failed to submit sufficient evidence to support their proposed nation-wide class.   The evidence, however, does suggest the existence of certain Account Managers who are similarly situated as Plaintiffs.   Thus, the Court deems it proper to permit Plaintiffs additional discovery to either obtain further support for its proposed class or to determine a lessor appropriate scope of its class definition.   Accordingly, for the reasons stated above, the Court hereby **DENIES** Plaintiffs' Motion to Conditionally Certify Collective Action and Send Notice to Class Members **WITHOUT PREJUDICE**.   If Plaintiffs choose to resubmit such motion, they shall do so within **ninety (90) days** from this date.

The parties are further **ORDERED** to jointly submit a proposed docket control order to the Court within **fourteen (14) days** from this date, which provides a defined period of immediate discovery limited to the certification issues discussed above.

**So Ordered and Signed on this**

**Oct 16, 2013**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE