IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SANDRA KELLY, JANICE WALTMAN, AND SYLVIA PATINO, INDIVIDUALLY & ON BEHALF OF OTHERS SIMILARLY SITUATED, <br><br> *Plaintiffs*, <br><br> v. <br><br> HEALTHCARE SERVICES GROUP, INC., <br><br> *Defendant*. | § § § § § § § § § § § § § § § § | Civil Action No. 2:13-cv-00441-JRG |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Healthcare Services Group, Inc.'s ("HSG" or "Defendant") Motion to Reconsider Order Granting Conditional Certification or, in The Alternative, Certifying Order for Appeal. (Dkt. No. 77.) Having considered the parties' written submissions, the Court **DENIES** HSG's motion.

**I.     Background**

Plaintiffs Sandra Kelley, Janice Waltman, and Sylvia Patino (collectively, the "Plaintiffs"), former Account Managers ("AM") of HSG, filed this action on their own and on behalf of all other similarly situated employees of HSG, alleging that HSG violated the FLSA by failing to pay Plaintiffs and other similarly situated employees for all hours actually worked and by failing to pay them at least one and a half times their regular pay rates for all hours worked in excess of forty in a work week. *See* Complaint at ¶ 51.

On October 17, 2013, the Court denied without prejudice Plaintiffs' initial motion to

1

conditionally certify a nation-wide class consisting of all Account Managers ("AM") who were employed by HSG within the applicable statutory period. (*See* Dkt. No. 38.) The Court granted Plaintiffs leave to conduct additional discovery regarding the class certification issue and renew its motion to conditionally certify within 90 days. (*See id.*) Upon completion of the additional discovery, Plaintiffs timely renewed their motion. (*See* Dkt. No. 56.)

On May 2, 2014, the Court granted Plaintiffs' renewed motion and ordered the conditional certification of two separate classes (the "May 2, 2014 Order"): (1) the Salaried AM class, defined as "All salaried Account Managers in the Housekeeping sector who worked for Healthcare Services Group, Inc., at anytime from [three years prior to the date when Plaintiffs send out notice] to the present, excluding those who worked in Ohio, Pennsylvania, or Tennessee";[1] and (2) the Hourly AM Class, defined as "All hourly Account Managers in the Housekeeping sector who worked for Healthcare Services Group, Inc., at anytime from [three years prior to the date when Plaintiffs send out notice] to the present." (*See* Dkt. No. 65.) On May 29, 2014, the Court approved Plaintiffs' proposed class action notice and consent form subject to certain court-ordered changes. (*See* Dkt. No. 74.) The next day, Defendant filed the instant motion, urging the Court to reconsider its prior decision granting conditional certification, or in the alternative, certify the May 2, 2014 Order for appeal. (Dkt. No. 77.)

## II.     Motion For Reconsideration

Defendant bases its motion for reconsideration on Federal Rules of Civil Procedure 59(e). (*See* Dkt. No. 77 at 3.) The Federal Rules of Civil Procedure do not expressly provide for a motion for reconsideration, but such motions may properly be decided under Rule 59(e). *See*

---

[1] The parties subsequently agreed to also exclude AMs in Colorado from the Salaried AM Class, where HSG has stipulated to a conditional certification of a statewide class in a separate suit. (*See* Dkt. No. 68 at 1 n.1.)

*Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998). Grounds for granting such a motion include "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; and (3) the need to correct a clear error of law or prevent manifest injustice." *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002). A Rule 59(e) motion is "an "extraordinary remedy that should be used sparingly." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *see also Arrieta v. Local 745 of Int'l Bhd. of Teamsters*, 445 F. App'x 760, 762 (5th Cir. 2011) (citing *Templet*, 367 F.3d at 479).

Here, Defendant HSG argues that clear error in the May 2, 2014 Order has resulted in "manifest injustice." Specifically, HSG asserts that, with respect to the Salaried AM Class, (1) this Court failed to apply the entire "primary duty" test under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"); and (2) the Court failed to consider the evidence submitted by HSG in opposition to Plaintiffs' renewed motion for conditional certification. With respect to the Hourly AM Class, HSG argues that this Court should have ruled on the legality of HSG's rounding policy at the stage of conditional class certification. The Court will address each of these arguments in turn.

### a. The Salaried AM Class

HSG asserts that its salaried AMs are exempt from the overtime requirement of the FLSA because their "primary duty" is to manage and supervise nonexempt employees. *See* 29 C.F.R. § 541.700 (a). HSG contends that the Court improperly applied the "primary duty" analysis by focusing solely on the amount of time the salaried AMs spent on performing manual labor, while disregarding the evidence submitted by HSG. The Court disagrees.

The Court's decision to conditionally certify the Salaried AM class was not, as Defendant

alleges, solely based on the amount of manual labor that the salaried AMs had to perform each day. In its May 2, 2014 Order, the Court concluded that Plaintiffs had met their burden to demonstrate the existence of a "similarly situated group" of AMs, for purposes of conditional class certification. *See* May 2, 2014 Order at 4-9; *Allen v. McWane, Inc.*, No. 2:06-cv-158, 2006 WL 3246531, at *2 (E.D. Tex. Nov. 7, 2006). The Court reached its conclusion based principally upon two reasons. First, the Court found that Plaintiffs had made a preliminary factual showing that the salaried AMs performed similar job functions, in that such job functions included substantial amounts of manual labor, and that the AMs were closely supervised by HSG district managers. (*See* May 2, 2014 Order at 6-7.) This was supported by (a) fifteen affidavits submitted by Plaintiffs from former and current HSG AMs from twenty-one different facilities in Texas, North Carolina, South Carolina, Indiana, Washington, California and Kentucky; (b) three affidavits submitted by former HSG district managers; and (c) job descriptions from HSG's internal Operations Manual. (*See id.* at 5-7.) Second, the Court found that Plaintiffs had made a preliminary factual showing that the salaried AMs were "together the victims of a single decision, policy, or plan" of HSG. *See Richardson v. Wells Fargo Bank, N.A.*, No. 4:11-cv-00738, 2012 WL 334038, at *2 (S.D. Tex. Feb. 2, 2012). Specifically, the Court focused on HSG's general policy of classifying AMs as exempt from overtime, *regardless of* how much non-exempt work an AM needed to perform. (*See* May 2, 2014 Order at 8.) The policy was clearly stated in HSG's Management Development Program, and corroborated by the affidavits of two former HSG district managers. (*See id.*) During HSG's 30(b)(6) deposition, Mr. David Hurlock, Senior Vice President of HSG, confirmed that HSG's occasional decision to classify an AM as non-exempt was driven by the "dollars available" at a given facility, and *not* by an individual assessment of an

4

AM's job duties as required by the statute. (*See id.*) Therefore, HSG has grossly mischaracterized this Court's opinion when it alleges that the Court focused solely on the amount of manual labor performed by AMs in granting conditional class certification.

HSG next complains that, in granting conditional class certification, this Court has failed to consider the evidence proffered by Defendant, because the Court did not cite to such evidence in its May 2, 2014 Order. (*See* Dkt. No. 77 at 7 n.3.) Contrary to HSG's assertion, the Court carefully considered Defendant's proffered evidence when it denied Plaintiffs' first motion for conditional certification, and additionally considered Defendant's supplemental evidence when it granted Plaintiffs' renewed motion. The Court denied Plaintiffs' first motion for conditional certification, finding that the six affidavits submitted by Plaintiffs which covered only nine HSG facilities in three states were insufficient to demonstrate "a common policy or plan that binds the claims" of potential plaintiffs nationwide. (*See* Dkt. No. 38 at 5.) The Court reached that decision in light of Defendant's argument – supported by its proffered evidence – which demonstrated, among other things, the different job sectors to which AMs may belong (*e.g.*, housekeeping v. dietary), AMs' different pay structures (salaried vs. hourly), the large number of HSG facilities across the country, and the possible variations among AMs' job duties. (*See id.* at 4-5.) Tellingly, Defendant made no objection to this initial order denying certification, even though the order also included no specific citation to Defendant's evidence. (*See id.*)

In its May 2, 2014 Order, the Court again addressed all of Defendant's arguments – supported by the very evidence Defendant alleges that the Court has failed to consider. The Court first noted that, despite Defendant's repeated emphasis on the variations among AMs' job duties, the fifteen affidavits of HSG AMs, the three affidavits by former HSG district managers,

5

combined with the common job descriptions stated in HSG's own internal Operations Manual, sufficiently established a "preliminary factual showing" that the AMs' job duties were similar. *See* May 2, 2014 Order at 5-7; *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213 (5th Cir. 1995) (noting the evidentiary standard for conditional class certification is a "fairly lenient one"), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003); *In re Wells Fargo Wage & Hour Employment Practices Litig. (No. III)*, H-11-2266, 2012 WL 3308880, at *27 (S.D. Tex. Aug. 10, 2012) ("Courts have repeatedly stressed that Plaintiffs must only be similarly – not identically – situated to proceed collectively…[i]t is only when the job duties of putative class members vary significantly that collective action certification should be denied.") (citing *Falcon v. Starbucks Corp.*, 580 F. Supp. 2d 528, 534 (S.D. Tex. 2008)). In so concluding, the Court rejected HSG's Director of Human Resources' declaration that the "essential functions" described in the internal Operations Manual were irrelevant to the assessment of an AM's job duty. (*See* May 2, 2014 Order at 7 n.3; Dkt. No. 58 at 7 n.28.) Further, the Court found that Defendant's claim that each AM must now be individually assessed to determine whether the position should be categorized as exempt or non-exempt rings hollow, where Defendant itself generally classified AMs as exempt, without regard to how much non-exempt work an individual AM needed to perform. (*See* May 2, 2014 Order at 7-8.) Lastly, the Court addressed Defendant's allegation that 16% of AMs are prohibited by collective bargaining agreements from performing any manual labor. (*See id.* at 9 n.5.) The Court noted that, "[t]o the extent such AMs exist…they are likely not proper class members of the Salaried AM Class." (*See id.*) However, because evidence was scant as to the specific restrictions imposed by the alleged collective bargaining agreement, the Court directed the parties to conduct more discovery and allowed Defendant to re-urge this issue at

6

the decertification stage. (*See id.*) Accordingly, the Court has thoroughly and satisfactorily reviewed both parties' positions before granting the conditional class certification. Defendant cited to no authority, and the Court is aware of none, which holds that a court must specifically cite to every piece of evidence it has considered before making a ruling. Such cannot be true, because if it were, then every summary order rendered anywhere within our nation's judiciary would be utterly unsupported.

HSG further claims that this Court committed legal error in applying the "primary duty" test under the FLSA, by focusing solely on the second factor, i.e., the amount of time an employee spent performing exempt work. *See* 29 C.F.R. § 541.700(a); May 2, 2014 Order at 5. The "primary duty" test is a federal regulation specifying the conditions under which an employer may categorize a position as exempt. *See* 29 C.F.R. § 541.700(a). Factors to consider when determining the primary duty of an employee include (1) the relative importance of the exempt duties as compared with other types of duties; (2) the amount of time spent performing exempt work; (3) the employee's relative freedom from direct supervision; and (4) the relationship between the employee's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee." *Id.*

HSG relies on *Dalheim v. KDFW-TV*, 918 F.2d 1220 (5th Cir. 1990), where, after a bench trial, the district court concluded that none of the plaintiffs should be classified as exempt based on an assessment of their primary job duties, which the court defined as "the major part, or over fifty percent, of the employee's time." *Id.* at 1224, 1227. On appeal, the Fifth Circuit agreed with the appellant that employees' "time alone is not the sole test [for their primary duties]." *Id.* at 1227. "[W]hile in the ordinary case it may be taken as a good rule of thumb that primary duty means the

major part, or over 50 percent, of the employee's time," an employee's primary duty "cannot be ascertained by applying a simple clock standard that contrasts the amount of time each day an employee spends on exempt and nonexempt work." *Id.* (internal quotations omitted). The Fifth Circuit, however, nonetheless affirmed the district court's final ruling, upon recognizing that the court did not base its decision solely on the amount of time plaintiffs spent at various tasks. *See id.* at 1227.

As an initial matter, it is not entirely clear how *Dalheim* applies in the context of the instant motion, because this Court did not, as the district court did in *Dalheim*, "ascertain…an employee's primary duty." *Id.* In its order granting conditional class certification, the Court did not decide that the AMs' primary duty was to perform manual labor such that they should be classified as non-exempt, much less making such decision based solely on "a simple clock standard." *See id.* Instead, the Court used the primary duty test mainly to guide its assessment of the relevant evidence, and did so pursuant to the first three factors of the test. For example, the Court assessed (1) the fifteen affidavits of current or former HSG AMs who testified that they all spent between 50% to 90% of their time performing manual labor, some spent 10-20% of time supervising other employees, while others had no managerial responsibilities at all; (2) the two declarations from former HSG district managers that AMs are expected to perform "many hours" of manual labor "for the majority of their workday"; and (3) HSG's internal Operations Manual which described the "essential functions" of the AM position as primarily consisting of a range of repeated heavy labor in a single day.[2] (*See* May 2, 2014 Order at 5-6; Dkt. No. 56 Exs. 9, 15-29.) Such evidence pertains to the first two factors of the "primary duty" test, i.e., "the amount of time spent

---

[2] Of the eleven listed "essential functions" of the AM position, at least six relate to manual labor. (*See* Dkt. No. 56-9 at 1 (Essential Functions of the Job, items c-g, i).) Only one "essential function" clearly relates to the task of supervision. (*See id.*(Essential Functions of the Job, item k).)

8

performing exempt work" and "the relative importance of the exempt duties as compared to other types of duties."  29 C.F.R. § 541.700(a).  The Court further evaluated, under the third factor of the test, the fifteen AMs' declarations that they were closely supervised by HSG district managers and afforded very little discretion in performing their jobs, as well as the corroborating declaration from a former HSG district manager.  (*See* May 2, 2014 Order at 6.)  Neither party submitted evidence pertaining directly to the fourth factor, i.e., "the relationship between the employee's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee."  29 C.F.R. § 541.700(a).  Therefore, the Court assessed the evidence under all the applicable statutory factors.  Contrary to HSG's assertion, the Court did not focus solely on the second factor of the "primary duty" test, and, as noted above, did not base its decision granting conditional certification solely on the amount of time AMs spent performing manual labor.  HSG's reliance on *Dalheim* is thus misplaced.  *See Dalheim*, 918 F.2d at 1227 (affirming district court's ruling when the court did not base its decision solely on the amount of time plaintiffs spent at various tasks).

If anything, *Dalheim* recognizes that the amount of time an employee spends on performing exempt work is a highly relevant factor under the "primary duty" test.  *See id.* at 1227; *see also* 29 C.F.R. § 541.700(a) ("The amount of time spent performing exempt work can be a useful guide in determining whether exempt work is the primary duty of an employee. Thus, employees who spend more than 50 percent of their time performing exempt work will generally satisfy the primary duty requirement.").  The Court committed no legal error in considering, among other things, Plaintiffs' allegation that they spent the majority of their working day performing manual labor and were afforded very little managerial responsibility.

9

In sum, HSG has failed to demonstrate any legal error in the Court's May 2, 2014 Order regarding certification of the Salaried AM Class, much less error that has resulted in "manifest injustice." *See In re Benjamin*, 318 F.3d at 629. Accordingly, the Court declines to reconsider its prior ruling granting conditional certification of the Salaried AM Class.

### b. The Hourly AM Class

In the May 2, 2014 Order, the Court conditionally certified the Hourly AM Class, based on a rounding policy which HSG admitted to apply nationwide, have been in place for seven years, and continue to be enforced. (*See* May 2, 2014 Order at 10.) The policy contains two substantive provisions: (1) rounding recorded time to the nearest quarter hour; and (2) disciplinary consequences if employees punch in seven or more minutes before a shift or punch out seven or more minutes after a shift. (*See* Dkt. No. 58 at 13.) HSG contends that the Court should reconsider its conditional certification of the Hourly AM Class, because the Court did not "rule on the legality" of HSG's rounding policy in the May 2, 2014 Order.

The Court admits that it did not conclusively rule on the legality of HSG's rounding policy, and is unaware of any authority requiring it to do so at the conditional certification stage. As noted in the May 2, 2014 Order, both decisions relied on by Defendant in its response brief are summary judgment orders where the courts determined the legality of rounding policies after discovery had been completed. (*See* May 2, 2014 Order at 10 n.6.)

Further, the Court did not, as HSG alleges, "declin[ed] to consider the lawfulness" of HSG's rounding policy altogether. (Dkt. No. 77 at 11.) HSG does not dispute that, for purposes of conditional class certification, all that the Court needs to do is to make "some preliminary inquiry" into the legality of an accused policy. (*See id.* at 10 (citing *Binissia v. ABM Indus., Inc.*,

No. 13 C 1230, 2014 WL 793111, at *4 (N.D. Ill. Feb. 26, 2014).)  In its May 2, 2014 Order, the Court found that Plaintiffs had made a preliminary factual showing that HSG's rounding policy was illegal.  As evidenced by an internal memo, distributed to all HSG Senior Vice-Presidents, Divisional Vice-Presidents, Regional Vice-Presidents/Managers/Directors, and District Managers, since 2006, HSG has been strictly enforcing its seven-minute rule in order to "avoid the obligation to pay an additional quarter hour of wages."  (*See* May 2, 2014 at 10; Dkt. No. 56-33; Dkt. No. 56-1 at 99:16-100:22.)  This is because, if hourly AMs strictly follow the seven-minute rule, the time they work before or after the shift will always be less than the half of fifteen minutes, and therefore will always be rounded down to zero instead of rounded up to the nearest quarter hour. (*See, e.g.*, Plaintiff Sandra Kelly's Time Sheet, Dkt. No. 56-36 at row 1.)  Although HSG otherwise rounds recorded time to the nearest quarter hour, both up and down, strict enforcement of the seven-minute rule would result only in time being rounded down.  Such, in the Court's opinion, constitutes a "preliminary showing" that over time the policy will result in systematic under-reporting.  *See* 29 C.F.R. § 785.48(b); May 2, 2014 Order at 10.

In sum, while the Court did not conclusively determine the legality of HSG's rounding policy in the May 2, 2014 Order, it is not required to do so at the conditional certification stage. Instead, the Court conducted a "preliminary inquiry," and found that Plaintiffs had met their initial burden to demonstrate possible systematic under-reporting.  As with the Salaried AM Class, the Court finds that Defendant has not established any of the grounds necessary to grant reconsideration; and accordingly, the Court declines to reconsider such prior ruling.

### III. Certification of Appealability

As an alternative to its Motion for Reconsideration, Defendant urges this Court to certify

the May 2, 2014 Order for appeal to the Fifth Circuit, pursuant to 28 U.S.C. § 1292(b). This Court, however, finds no sufficient basis for issuing such a certification.

The Court notes from the outset that the Fifth Circuit has previously dismissed an interlocutory appeal of an FLSA conditional class certification order for want of appellate jurisdiction. *See Baldridge v. SBC Communications, Inc.*, 404 F.3d 930 (5th Cir. 2005). There, after conditionally certifying the case as a collective action under the FLSA, the district court declined the defendants' request to certify an interlocutory appeal under 28 U.S.C. § 1292(b). *See id.* at 931. The defendants then sought an interlocutory appeal of the conditional certification order pursuant to the "collateral order" exception to the final judgment rule. *See id.* The Fifth Circuit dismissed defendants' appeal, finding that the certification order "lacked conclusiveness because it was subject to revision and possible decertification." *Id.* The Fifth Circuit further rejected the defendants' argument that appellate courts should grant interlocutory review of a conditional certification order because of "costs and pressures on the defendant to settle." *Id.* at 932. The Fifth Circuit noted that if such were sufficient reason for granting an exception to the final judgment rule, "the exception might well swallow the rule." *Id.* (citing *Lusardi v. Xerox Corp.*, 747 F.2d 174, 178 (3d Cir. 1984)).

Despite the fact that *Baldridge* was decided under the "collateral order" exception, it provides a probative background for this Court to use in assessing Defendant's request. This is especially so considering that HSG, like the defendants in *Baldridge*, is seeking to appeal this Court's conditional certification order pursuant to Section 1292(b). *See id.* at 931. Section 1292(b) sets out three criteria all of which must be met before a district court may properly certify an interlocutory order for appeal. The statute requires the district judge to certify in his

interlocutory order that (1) the order involves a controlling question of law in the case (2) as to which there is substantial ground for difference of opinion and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b); *Aparicio v. Swan Lake*, 643 F.2d 1109, 1111 n.2 (5th Cir. 1981). The statutory history "indicates that Section 1292(b) is to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *Castano v. Am. Tobacco Co.*, 162 F.R.D. 112, 115 (E.D. La. 1995) (internal citations omitted); *see also U.S. v. Garner*, 749 F.2d 281, 286 (5th Cir. 1985) (noting that § 1292(b) only provides for interlocutory appeal in "exceptional cases"). "The Fifth Circuit's policy against piecemeal appeals is in accord with this legislative history." *See Castano*, 162 F.R.D. at 115 (citing *Clark–Dietz & Assoc. v. Basic Construction*, 702 F.2d 67, 69 (5th Cir.1983)).

Here, with respect to the Salaried AM Class, Defendant argues that the "controlling question of law" to be appealed is the proper legal standard for the "primary duty" test. However, Defendant itself admits, and this Court agrees, that the Fifth Circuit law regarding the primary duty test "is clear." (*See, e.g.*, Dkt. No. 77 at 2.) Defendant cannot identify a single case which states the legal standard for primary duty test differently from that in the Court's May 2, 2014 Order.[3] (*See* May 2, 2014 Order at 5.) As such, there is no "substantial ground for difference of opinion" as to such legal standard. *See* 28 U.S.C. § 1292(b). Indeed, it has been Defendant's argument all along that, while the legal standard is clear, this Court's application of the standard is wrong. To the extent Defendant seeks to appeal this Court's application of the primary duty test in assessing the evidence presented in this case, such is not a "controlling question of law" properly certifiable

---

[3] The legal standard for the "primary duty" test stated in the Court's May 2, 2014 Order is verbatim text of 29 C.F.R. § 541.700(a). Such standard is also precisely what Defendant has urged this Court to apply. (*See* Dkt. No. 77 at 4.)

under Section 1292(b). *See Clark-Dietz*, 702 F.2d at 69 (holding that "fact-review questions" were inappropriate for § 1292(b) review). Finally, an immediate appeal on the legal standard for the "primary duty" test will not materially advance the ultimate termination of the litigation. The Court has set various deadlines in this case, including a hearing on the motion to decertify. (*See* Dkt. No. 105.) An immediate appeal, however, will delay the proceeding for at least several months, causing this litigation to possibly become more "protracted and expensive." *See Castano*, 162 F.R.D. at 115; *Clark-Dietz*, 702 F.2d at 69 (noting that the delay caused by an immediate appeal would cause a hardship on the appellees). Even assuming HSG obtained whatever clarification it needed from the Fifth Circuit, on remand, it would still be up to this Court to apply the "primary duty" test and decide whether or not the Salaried AM Class should be conditionally certified. As noted above, the Court has carefully reviewed both parties' positions before granting the certification, and is not persuaded that it would likely reach a contrary result if asked to decide this issue a second time. The Court is also not persuaded that a second round of conditional class certification, the result of which necessarily "lack[s] conclusiveness" and is "subject to revision and possible decertification," would materially advance the ultimate termination of the case. *See Baldridge*, 404 F.3d at 931. In sum, Defendant has failed to satisfy any of the three criteria required for granting an interlocutory appeal. As a result, its request for certification of appealability on the legal standard for the "primary duty" test should be denied.

As to the Hourly AM Class, Defendant asserts that the legal issue to be determined on appeal is "[w]hether or not a collective action may be certified where the plaintiff has made no showing that the challenged policy or plan actually violates the FLSA." (*See* Dkt. No. 77 at 14.) While such issue may be a "controlling question of law," the Court finds no "substantial ground

14

for difference of opinion" on this issue. 28 U.S.C. § 1292(b). Defendant complains that the Court has not conclusively ruled on the legality of HSG's rounding policy in its conditional certification order. (*See, e.g.*, Dkt. No. 77 at 10.) However, none of the cases submitted by Defendant require such a ruling. Indeed, the cases are in consensus that, at the conditional certification stage, a court should make "some preliminary inquiry" into the legality of the accused policy. *See Binissia*, 2014 WL 793111, at *4; *Brickey v. Dolgencorp.*, Inc., 272 F.R.D. 344, 347 (W.D.N.Y. 2011) ("[P]laintiff must make a *modest factual showing* sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law.") (emphasis added); *Harris v. Reliable Reports, Inc.*, 2014 WL 2115352, at *4 (N.D. Ind. May 21, 2014) ("*[S]ome evidence* that other potential plaintiffs were victims of a common policy that violated the law must be presented at [the conditional class certification] stage of the case.") (emphasis added); *Dudley v. Texas Waste Sys., Inc.*, CIV.A.SA-05-CA-0078-, 2005 WL 1140605, at *2 (W.D. Tex. May 16, 2005) (declining to conditionally certify a class based on "unsupported assertions"). As noted above, making a "preliminary inquiry" into the legality of HSG's rounding policy is precisely what the Court has done in this case. A conclusive legal ruling is neither required nor practical at this stage of the litigation.

Furthermore, even assuming Defendant were to obtain a ruling from the Fifth Circuit approving the above consensus among district courts, i.e., that a plaintiff must make some preliminary showing of illegality for purpose of conditional certification, Plaintiffs have satisfied such requirement in this case. As noted earlier, compliance with HSG's seven-minute rule would cause the working time outside the shift to always be rounded down, and thus enable HSG to "avoid the obligation to pay an additional quarter hour of wages," and over time may result in

systematic under-reporting.  Therefore, even if Defendant were to succeed on appeal, this Court, on remand, has substantial grounds not to alter its prior conclusion regarding certification of the Hourly AM Class.  An immediate appeal on this issue accordingly will not materially advance the ultimate termination of the litigation.  Defendant's request for certification of appealability on this issue should be denied.

In sum, Defendant has failed to satisfy the criteria for an interlocutory appeal under Section 1292(b), for either the Salaried AM Class or the Hourly AM Class.  The Court therefore rejects Defendant's request to certify the May 2, 2014 Order for appeal to the Fifth Circuit.

**IV.   Conclusion**

For the reasons stated above, the Court hereby **DENIES** Defendant's Motion to Reconsider Order Granting Conditional Certification, and **DENIES** Defendant's Alternative Motion for Certifying Order for Appeal.  (*See* Dkt. No. 77.)

**So ORDERED and SIGNED this 21st day of July, 2014.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE