IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

SANDRA KELLY, JANICE WALTMAN,
AND SYLVIA PATINO, INDIVIDUALLY
& ON BEHALF OF OTHERS SIMILARLY SITUATED       PLAINTIFFS

vs.                       Case No 2:13-cv-00441-JRG

HEALTHCARE SERVICES GROUP, INC.                DEFENDANT

                                               JURY DEMAND

### PLAINTIFFS' FIRST AMENDED AND SUBSTITUTED COLLECTIVE ACTION COMPLAINT

COME now Plaintiffs Sandra Kelly, Janice Waltman, and Sylvia Patino, by and through their attorneys Ocker Law Firm, P.L.L.C. and Holleman & Associates, P.A., and for their First Amended and Substituted Collective Action Complaint (hereinafter "Complaint") against Defendant Healthcare Services Group, Inc., (hereinafter "HSG"), do hereby state and allege as follows:

### I. INTRODUCTION, JURISDICTION AND VENUE

1.      Plaintiffs and those similarly situated seek an action for declaratory judgment under 28 U.S.C. §§ 2201 and 2202 and for compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 215, 216(b) and 217.

2.      Jurisdiction of this action is conferred on the Court by 29 U.S.C. §§ 216(b), 217; 28 U.S.C. § 1331 and 28 U.S.C. § 1337.  Venue lies within the district, pursuant to 28 U.S.C. § 1391.

3.      At all times material herein, Plaintiffs and those similarly situated have been

entitled to the rights, protection and benefits provided under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq.* (hereafter referred to as "FLSA").

## II. THE PARTIES

### A. DEFENDANT

4. Defendant Healthcare Services Group, Inc. is a foreign corporation (Pennsylvania) and was the Plaintiffs' employer for all relevant time periods. HSG is registered to do business in Texas. For all of the similarly situated Plaintiffs, HSG is currently or was their employer within the meaning of the Fair Labor Standards Act, 29 U.S.C § 203(d). The registered agent for HSG is The Corporation Service Company DBA CSC – Lawyers INCO whose address is 211 E. 7th Street Suite 620, Austin, Texas 78701.

### B. PLAINTIFFS

5. Each Plaintiff herein is presently and/or was at some time since January of 2011, serving HSG as an Account Manager.

6. Plaintiff Sandra Kelly is a resident and citizen of Cass County, Texas.

7. At all times relevant to this Complaint, Plaintiff Kelly was classified as an hourly employee and was non-exempt from the requirements of the Fair Labor Standards Act.

8. Plaintiff Janice Waltman is a resident and citizen of Bowie County, Texas.

9. Plaintiff Sylvia Patino is a resident and citizen of Titus County, Texas.

10. At all times relevant to this Complaint, Plaintiffs Waltman and Patino were improperly classified as salaried employees, but in reality each was non-exempt from the overtime requirements of the Fair Labor Standards Act.

11. Each brings this action on behalf of himself or herself and on behalf of all other HSG employees, whether past, present or future, who are or were 1) employed by HSG as an

Account Manager or in similar position; and 2) did not receive overtime for hours worked in excess of forty (40) hours per week.

### III. FACTUAL ALLEGATIONS

12. HSG is a corporation providing housekeeping, laundry, dining, and nutrition services to various healthcare facilities in 48 states.

13. Plaintiffs were employed by HSG as Account Managers during the times relevant to this Complaint.

14. Each Plaintiff was employed by Defendant within a three (3) year period preceding the filing of the original Complaint (Doc.1).

15. Each Plaintiff was made to work far in excess of forty (40) hours per week, sometimes even as many as 50-120 hours in a week.

*Salaried Account Managers*

16. Plaintiffs Waltman and Patino and other Salaried Account Managers who joined this case by timely filing their consents to join (hereinafter collectively referred to as "Salaried Account Managers") were paid a purported "salary" equal to or greater thanFour Hundred Fifty Five Dollars ($455.00) a week.

17. Salaried Account Managers' primary job duty was cleaning the floors, changing bed sheets, cleaning the dining room, clearing trash, dusting and damp mopping, stripping and waxing floors, doing the laundry of the nursing facilities to which they were assigned, or other manual labor either at the facility to which they were assigned or at other facilities.

18. The above referenced job tasks consumed the majority of the Salaried Account Managers' work day.

19. Salaried Account Managers' primary duty did not involve management or

supervision of HSG's employees.

20. Salaried Account Managers' suggestions and recommendations as to hiring, firing, advancement, promotion, or other change of status of other HSG's employees were not given particular weight.

21. Salaried Account Managers were closely supervised by an HSG District Manager who instructed them on their daily tasks and controlled and directed their work.

22. There was no agreement between Salaried Account Managers and HSG that their salaries were intended to compensate them for hours worked in excess of forty (40).

23. HSG did not record hours worked by Salaried Account Managers.

24. Salaried Account Managers' work did not involve performance of office work directly related to the management or business operations of HSG.

25. Salaried Account Managers' work did not involve performance of non-office work directly related to the management or business operations of HSG or HSG's customers.

26. Salaried Account Managers were required to follow strict policies and procedures of HSG in performing their regular everyday tasks.

27. Salaried Account Managers did not exercise independent discretion and judgment when performing their job duties.

28. Salaried Account Managers were improperly classified as salaried employees, but in reality were non-exempt from the overtime requirements of the Fair Labor Standards Act.

*Hourly Account Managers*

29. Plaintiff Kelly and other Hourly Account Managers (hereinafter collectively referred to as "Hourly Account Managers") were paid by the hour.

30. Plaintiff Kelly was instructed not to report more than Thirty Six (36) hours per

week on regular basis.

31. Hourly Account Managers frequently worked in excess of 40 hours per week and were not allowed to report all hours worked.

32. HSG has a rounding policy (Doc. 56-32) that states as follows "employees are not permitted to punch in, sign in, or begin work (In) seven (7) or more minutes before their scheduled start time, or seven (7) or more minutes after the end of their scheduled shift (Out), without the prior approval of their supervisor."

33. An internal memo, distributed to HSG's Senior Vice-Presidents, Divisional Vice-Presidents, Regional Vice Presidents/Managers/Directors, and District Managers, states that "[e]mployees should not be allowed to clock in 8 minutes or more prior to the scheduled start time or clock out 8 minutes or more after their scheduled quitting time, since that will obligate us to pay an additional quarter hour of wages." (Doc. 56-33).

34. HSG also requires supervisors to enforce a rounding policy that violates the FLSA. The policy continues to state that "Supervisors are required to review work time and if employees fail to accurately record their time, or record (In) or (Out) beyond the seven (7) minute rule, they must be counseled and disciplined as necessary."(Doc. 56-32).

35. Because employees are also expected to be on time to work and to remain on the job during work hours, an employee who is never allowed to clock in before 7 seven minutes early or clock out more than 7 minutes after the shift is over will always been underpaid for the work that she or he performs.

36. This rounding policy has been in place for seven years and continues to be enforced.

37. As a result of HSG's rounding policy and requirement to work off-the-clock on

regular basis, Hourly Account Managers are not paid for all hours worked, including overtime.

38. As a result of Defendant's action, Plaintiffs sustained damages.

39. Defendant has been notified on previous occasions, or should have known, about the violations of the Fair Labor Standards Act. It has taken no action, despite demands and notice. Defendant's actions are willful and are taken with knowledge that its acts violate the wage and hour provisions of the Fair Labor Standards Act.

40. The unlawful policy followed by HSG has been in place for a period in excess of three (3) years and is in place at the present time.

## COLLECTIVE ACTION ALLEGATIONS

41. Plaintiffs bring their Claim for Relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendant as an Account Manager at any time within the applicable statue of limitations period, who have not been compensated for all hours worked in excess of forty (40) hours per work week.

42. Plaintiffs' bring their claim an "opt-in" collective action pursuant to Section 16(b) of FLSA, 29 U.S.C. § 216(b), as prospective members of the FLSA Collective Action are similarly situated to Plaintiffs and have claims that are similar to Plaintiffs' Claim for Relief.

43. Questions of law and fact common to the collective action as a whole include, but are not limited to, the following:

    a. Whether HSG unlawfully failed and continues to fail to compensate FLSA Collective Action Plaintiffs and prospective FLSA Collective Action Plaintiffs for all hours worked in violation of the FLSA, 29 U.S.C. § 201 *et seq.;*

    b.    Whether HSG unlawfully failed and continues to fail to pay overtime compensation in violation of the FLSA, 29 U.S.C. § 201 *et seq.;*

    c.    Whether HSG's failure to pay overtime to the FLSA Collective Action Plaintiffs was willful within the meaning of FLSA;

    d.    Whether HSG unlawfully failed and continues to fail to compensate FLSA Collective Action Plaintiffs for hours worked during HSG orientation training sessions in violation of the FLSA, 29 U.S.C. § 201 *et seq.;*

    e.    Whether Defendant unlawfully classified Salaried Account Managers as exempt from the requirements of the FLSA and failed to compensate them for all hours worked, including overtime;

    f.    Whether HSG failed and continues to fail to maintain accurate records of actual time worked by the FLSA Collective Action Plaintiffs;

    g.    Whether HSG failed and continues to fail to record or report all actual time worked by the FLSA Collective Action Plaintiffs; and

    h.    Whether HSG failed and continues to fail to provide accurate wage statements itemizing all actual time worked and wages earned by the FLSA Collective Action Plaintiffs.

44.    Plaintiffs and the FLSA Collective Action Plaintiffs are similarly situated and are subject to HSG's common practice, policy or plan of refusing to compensate all hours worked and refusing to pay overtime in violation of the FLSA.

45.    The names and addresses of the FLSA Collective Action Plaintiffs are available from Defendant, and notice should be provided to the FLSA Collective Action Plaintiffs *via* first class mail to their last known address as soon as possible.

## IV. PLAINTIFFS' CLAIM FOR RELIEF

### (Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, Brought by Plaintiffs on Behalf of Themselves and all FLSA Collective Action Plaintiffs)

46. Plaintiffs, on behalf of themselves and all FLSA Collective Action Plaintiffs, re-allege and incorporate by reference paragraphs stated above as if they were set forth again herein.

47. At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendant has employed and/or continues to employ "employee[s]," including Plaintiffs and each of the prospective FLSA Collective Action Plaintiffs, who have been and/or continue to be engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendant has had gross operating revenues in excess of $500,000.

48. Plaintiffs and opt-in Plaintiffs in this action have signed and filed Consent to Join forms pursuant to Section 16(b) of the FLSA, 29 U.S.C. §§ 216(b) and 256.

49. The FLSA requires Defendant, as a covered employer, to compensate all non-exempt employees for all hours worked, and to compensate all non-exempt employees at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of forty (40) hours in a work week.

50. Plaintiffs and all FLSA Collective Action Plaintiffs are entitled to compensation for all hours worked.

51. Plaintiffs and all FLSA Collective Action Plaintiffs are entitled to be paid

overtime compensation for all overtime hours worked.

52. At all relevant times, Defendant, pursuant to its policies and practices, failed and refused to compensate Plaintiffs and the FLSA Collective Action Plaintiffs for work performed in excess of 40 hours per week.

53. At all relevant times Defendant, pursuant to its policies and practices, failed and refused to pay overtime premiums to Plaintiffs and the FLSA Collective Action Plaintiffs for their hours worked in excess of 40 hours per week.

54. At all relevant times, Defendant has engaged, and continues to engage, in a willful policy, pattern, or practice of requiring or permitting its non-exempt, salaried employees, including Plaintiffs and the FLSA Collective Action Plaintiffs, to perform work in excess of 40 hours per week.

55. At all relevant times, the overtime work performed by Defendant's non-exempt employees, including Plaintiffs and the FLSA Collective Action Plaintiffs, was and continues to be required or permitted by Defendant, for the benefit of Defendant, and is directly related to such employees' principal employment with Defendant, and is an integral and indispensable part of such employees' employment with Defendant.

56. Defendant violated and continues to violate the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a), by failing to pay FLSA Collective Action Plaintiffs for all hours actually worked and by failing to pay FLSA Collective Action Plaintiffs at least one-and-a-half times their regular rates of pay for all hours worked in excess of forty (40) in a workweek. These violations of the FLSA were knowing and willful within the meaning of 29 U.S.C. § 201 *et seq.*

57. The FLSA also imposes specific employment record-keeping requirements,

including the obligation to keep accurate records of all hours worked. By failing to record, report, and/or preserve records of hours worked by Plaintiffs and the prospective FLSA Collective Action Plaintiffs, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a). These violations of the FLSA were knowing and willful within the meaning of 29 U.S.C. § 201 *et seq*.

58. As a result of Defendant's violations of law, FLSA Collective Action Plaintiffs are entitled to recover from Defendant the amount of their unpaid wages and overtime compensation, an additional equal amount as liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), prejudgment interest, attorneys' fees, litigation expenses and court costs, pursuant to 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

## V. <u>SUMMARY</u>

59. Plaintiffs ask the Court to enter a declaratory judgment, declaring that the Defendant has willfully and wrongfully violated its statutory obligations, and deprived Plaintiffs and those similarly situated of their rights, protection and entitlements under law as alleged in Plaintiffs' complaint.

60. Plaintiffs further request the Court to enter a permanent injunction, restraining and preventing Defendant from withholding the compensation that is due each of the Plaintiffs and those similarly situated and from further violating their rights under the law.

61. Plaintiffs further request the Court to enter a permanent injunction, restraining and preventing Defendant from continuing to enforce its rounding policy in combination with a

requirement that employees be on time and never leave work early, thus ensuring that the employer always benefits from employees' rounded time.

62. Plaintiffs further request the Court to enter a permanent injunction, restraining and preventing Defendant from engaging in retaliatory and discriminatory conduct towards Plaintiffs and other similarly situated employees, that it be restrained from engaging in such conduct against other employees who participate herein or are called to testify herein, and to restrain such conduct of Defendant if other employees complain of wage and hour violations as such rights are protected under the law.

63. Plaintiffs further ask that the Court order a complete and accurate accounting of all the compensation to which Plaintiffs are entitled as well as provide a complete listing of the names and addresses of all those employees who are similarly situated as described above.

64. That Plaintiffs will ask this Court to award them monetary damages in the form of back-pay compensation, liquidated damages equal to their unpaid compensation, plus interest. This will be for the named Plaintiffs and all Plaintiffs similarly situated.

65. Plaintiffs further ask the Court to award them their attorney fees, and their costs and expenses and disbursements in pursuing this cause of action for the named Plaintiffs and all those similarly situated.

## VI. DEMAND FOR JURY TRIAL

66. Plaintiffs demand a trial by jury upon all issues herein.

**WHEREFORE**, premises considered, Plaintiffs each individually and on behalf of others similar situated, pray that Defendant be summoned to appear and answer; that the Court enter an order restraining Defendant from retaliating, discriminating, harassing or otherwise intimidating Plaintiffs and other similarly situated employees for their participation herein;

further, that the Court enter a declaratory judgment, declaring that Defendant has willfully and wrongfully violated its statutory obligation, and deprived Plaintiffs and all Plaintiffs similarly situated of their rights, protection and entitlements under the law, and particularly the Fair Labor Standards Act as alleged herein; that the Court enter a permanent injunction, restraining and preventing Defendant from withholding the compensation that is due each of the Plaintiffs and all Plaintiffs similarly situated and from further violating their rights under Fair Labor Standards Act and other applicable laws; that the Court order a complete and accurate accounting of all the compensation to which Plaintiffs and all Plaintiffs similarly situated are entitled; that each Plaintiff and all Plaintiffs similarly situated be awarded monetary damages in the form of back-pay compensation, liquidated damages equal to their unpaid compensation, plus interest; that Plaintiffs and all Plaintiffs similarly situated specifically pray for a jury trial; that Plaintiffs and all Plaintiffs similarly situated should have their attorneys fees paid by Defendant as well as their expenses, costs and any disbursements required to bring this cause of action; and any other just and proper relief to which they may be entitled.

Respectfully submitted,

By: John Holleman
John T. Holleman
HOLLEMAN & ASSOCIATES, P.A.
Texas Bar No. 24014806
1008 West Second Street
Little Rock, AR 72201
Telephone: (501) 975-5040
Facsimile: (501) 975-5043
jholleman@johnholleman.net

and

OCKER LAW FIRM, P.L.L.C.

>Dorotha M. Ocker
>Texas Bar No. 24076597
>2340 E. Trinity Mills Road, Ste. 300
>Carrollton, Texas 75006
>Tel. (214) 390-5715
>Facsimile: (469) 277-3365
>dmo@ockerlawfirm.com

## CERTIFICATE OF SERVICE

I, John Holleman, hereby certify that a true and correct copy of the foregoing document was filed via the CM/ECF system on November 4, 2014, which will send notification to the following:

Brad Michael Kushner     bmk@stevenslee.com, psb@stevenslee.com

Charles J Stiegler     cstiegler@proskauer.com, csouthall@proskauer.com

Enzo DerBoghossian     ederboghossian@proskauer.com

Gloria Portela     gportela@seyfarth.com

James R Staley     jim.staley@ogletreedeakins.com, jeannette.blanchette@ogletreedeakins.com, melanie.cornelison@ogletreedeakins.com

Jeffrey C Londa     jeffrey.londa@odnss.com, kathy.eason@ogletreedeakins.com

Joseph P Hofmann     jph@stevenslee.com, ms@stevenslee.com

Kenneth D Kleinman     kdk@stevenslee.com, jfs@stevenslee.com, kmcf@stevenslee.com, psb@stevenslee.com

Kenneth Dawson Sulzer     ksulzer@proskauer.com, bsalehi@proskauer.com, kwagner@proskauer.com

Laura Reathaford     lreathaford@proskauer.com

Michael Charles Smith     michaelsmith@siebman.com, elishacalhoon@siebman.com

Steven Woodrow Moore     steven.moore@ogletreedeakins.com, janis.creekmore@ogletreedeakins.com, Linda.Kerman@ogletreedeakins.com, maryalice.lydick@ogletreedeakins.com, Teri.mercill@ogletreedeakins.com, Tracy.Reed@ogletreedeakins.com, Vicki.Perlowski@ogletreedeakins.com

Theresa M Zechman     tmz@stevenslee.com, ms@stevenslee.com

By: /s/ John Holleman
John Holleman