IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **SANDRA KELLY, JANICE WALTMAN, AND SYLVIA PATINO, INDIVIDUALLY & ON BEHALF OF OTHERS SIMILARLY SITUATED**,<br><br>Plaintiffs<br>v.<br><br>**HEALTHCARE SERVICES GROUP, INC.**,<br><br>Defendant. | **Case No 2:13-cv-00441-JRG** |

## MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiffs' Motion to Strike Defendant's Expert Designation and Report of Christina Banks (Dkt. No. 219) and Motion to Strike Defendant's Expert Designation and Report of Robert Crandall (Dkt. No. 220). The Defendants Healthcare Services Group opposes both Motions. For the reasons set forth below, both Motions are **DENIED**.

### BACKGROUND

The Court is presented with a potential class action lawsuit. Plaintiffs were employed by Healthcare Services Group, Inc. ("HSG") as either salaried Account Managers ("salaried AMs") or hourly Account Managers ("hourly AMs") (collectively, "AMs"). Plaintiffs' complaint asserts that HSG violated multiple parts of the Fair Labor Standards Act by misclassifying non-exempt employees as exempt, by incorrectly keeping employee time records, and by only paying the AMs a portion of the pay they were legally entitled to for the work which they performed. Pls.' First Am. Compl., Dkt. No. 186.

The present motions arise out of the parties' disagreement concerning the class-action status of the hourly AMs and the salaried AMs. Dr. Banks and Dr. Crandall were hired by the Defendants as experts on class certification. Dr. Banks' report addresses whether salaried AMs should be certified as a class, and Dr. Crandall's report addresses whether hourly AMs should be certified as a class.

The Court is currently scheduled to hear the parties' arguments concerning the question of class certification on April 17, 2015. Since the Defendant's briefs concerning class certification relies on the expert reports, the Court addresses the Plaintiffs' Motions to Strike in this Order.

## LEGAL STANDARDS

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. Rule 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied with regard to a particular expert's proposed testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592–93 (1993).

District courts are accorded broad discretion in making Rule 702 determinations of admissibility. *Kumho Tire*, 526 U.S. at 152. Furthermore, in the class-action context, Federal Rule of Civil Procedure 23(c) charges the Court with "determin[ing] by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c); *see also Wal-Mart Stores, Inc. v. Dukes*, 131

2

S. Ct. 2541, 2549 (2011). Therefore "[m]ost of the safeguards provided for in *Daubert* are not as essential . . . [because the] district judge sits as the trier of fact" in determining whether to certify the class. *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000).

**ANALYSIS**

The two motions before the Court have substantially overlapping arguments.[1] As the Motion to Strike Dr. Banks is more substantive in character, the Court will focus its analysis on that report. The Plaintiffs contend that Dr. Banks' report should be stricken for three reasons: (1) the Defendant has engaged in constant and ongoing discovery abuses under Rule 26; (2) Dr. Banks' report touches on legal conclusions and is not helpful to the finder of fact on class certification issues; and (3) Dr. Banks' report is not reliable.

**A. Discovery Abuses**

The Plaintiffs fail to show that the Defendant's discovery abuses, if any, were prejudicial. In connection with the expert report, Plaintiffs allege that the Defendant "fail[ed] to produce any documents whatsoever." Pls.' Mot. to Strike Banks at 5; *see* Pls.' Mot. to Strike Crandall at 2–4, Dkt. No. 220. Defendant contends that it produced thousands of pages of documents required by Rule 26, and that it willingly produced even more documents at the Plaintiffs' request. Def.'s Resp. at 10, Dkt. No. 223.

It appears to the Court that the Plaintiffs overstate the discovery dispute. Dr. Banks relied on summaries of numerous questionnaires in her report. Def.'s Resp. at 10. Those summaries were produced by the Defendants and given to the Plaintiffs the day Dr. Banks' report was produced. *Id.* The Plaintiffs then requested the underlying questionnaires upon receipt of the summaries. Pls.' Mot. to Strike Banks at 5. The Plaintiffs made this request on

---

[1] As the Plaintiff notes, Dr. Crandall's report should be stricken "[f]or the same reasons" as Dr. Banks' Report. Pls.' Mot. to Strike Crandall at 1, Dkt. No. 220.

December 23, 2014, and gave the Defendants until December 31, 2014 to produce the questionnaires. *Id.* at 4. The questionnaires were all produced by January 12, 2015, shortly after Plaintiffs' objections to Dr. Banks' report were due. *Id.*

The Court is not persuaded that Rule 26 necessarily mandated the disclosure of the 27,506 pages of underlying questionnaires as a matter of course, and the Court does not find clear support for Plaintiffs' contention that Defendant "fail[ed] to produce any documents whatsoever." Pls.' Mot. to Strike Banks at 5. Critically, even if the Defendant's conduct violated the spirit of Rule 26, the Plaintiffs have alleged no specific harm resulting from the delay in receiving the questionnaires. Having considered the record, the Court is persuaded that concerns regarding the summaries or the underlying questionnaires are adequately addressed through cross-examination, especially in a case such as this where the Court will decide the ultimate question scrutinized by the experts.

### B. Legal Conclusions and Reliability

Plaintiffs' arguments concerning Dr. Banks' alleged legal conclusions and the report's lack of reliability go to the weight the Court will give to Dr. Banks' report, not its admissibility.

Plaintiffs make a number of allegations concerning Dr. Banks' use of legal conclusions and the report's lack of reliability. First, Plaintiffs take issue with the fact that the report relies on questionnaires that were given to nonparty, current AMs—not the AMs that opted into the lawsuit. Pls.' Mot. to Strike Banks at 6. Defendant argues that the only reason the questionnaires were given to nonparty, non-opt-in AMs was to avoid improper *ex parte* communication with represented opt-in Plaintiffs. Def.'s Resp. at 1. The fact that Banks' report relies on nonparty, current AMs goes to the weight that the Court will give to the report; it does not affect its admissibility.

4

Second, Plaintiffs argue that the reports are unreliable because the experts' excluded a subset of data points from their calculations. Pls.' Mot. to Strike Banks at 12–13; Pls.' Mot. to Strike Crandall at 6. Defendants contend that this small subset of data points was excluded because it was collected in a different manner than the overwhelming majority of the data. Def.'s Resp. at 9. This, again, goes to the weight that the Court will give the report, not its admissibility.

Third, Plaintiffs argue that Banks relied on data that assumed an underlying legal conclusion. For example, Banks' report relied on assumptions about whether the AM's job duties were "exempt" or "non-exempt." Pls.' Mot. to Strike Banks at 7–8. As the Defendant's point out, however, Dr. Banks' report is not being offered to establish what constitutes an exempt or non-exempt task. Def.'s Resp. at 6. Instead, Banks' report is being offered to show the variability between the tasks performed by AMs at different job locations. *Id.* Since Banks is offered as an expert on the issue of class certification, the degree of variability between different tasks performed by different AMs may aid the Court in answering the legal question of whether the AMs are "similarly situated." If cross-examination reveals that the assumptions Banks replied upon were flawed, the Court is free to disregard these underlying assumptions. Accordingly, Plaintiffs' argument really concerns the weight the Court will give the report, not its admissibility.

Fourth, Plaintiffs argue that the questionnaires are unreliable because the Defendants participated in the administration of the surveys. Again, this argument concerns the weight that the Court will give the report, not its admissibility.

## CONCLUSION

Plaintiffs have not met their burden of showing that the reports are unreliable or otherwise the subject of a Motion to Strike. Here, the Court will act as the trier of fact in determining class certification, which further weighs against Plaintiffs' Motions. Accordingly, the Motion to Strike Defendant's Expert Designation and Report of Christina Banks, PH.D (Dkt. No. 219) and the Motion to Strike Defendant's Expert Designation and Report of Robert Crandall (Dkt. No. 220) are **DENIED**.

**So ORDERED and SIGNED this 10th day of April, 2015.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE