**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

**SANDRA KELLY, JANICE WALTMAN,**
**AND SYLVIA PATINO, INDIVIDUALLY**
**& ON BEHALF OF OTHERS SIMILARLY SITUATED,**

**Plaintiffs**

**vs.**

**Case No 2:13-cv-00441-JRG**

**HEALTHCARE SERVICES GROUP, INC.,**

**Defendant**


## DEFENDANT'S OPPOSED MOTION FOR SUMMARY JUDGMENT AS TO BANKRUPTCY PLAINTIFFS

Defendant Healthcare Services Group, Inc. ("Defendant" or "HSG"), by and through its undersigned counsel, hereby submits this Opposed Motion for Summary Judgment as to certain class members who filed for bankruptcy during the relevant time period ("Bankruptcy Plaintiffs").[1]

## INTRODUCTION

The Bankruptcy Plaintiffs pursue claims for allegedly unpaid wages because (1) the job each performed allegedly did not meet exempt-status criteria or (2) the application of an allegedly unlawful rounding policy. They claim to be similarly situated as Account Managers during the relevant time period and obtained conditional certification. For the reasons set forth in HSG's motions to decertify, Plaintiffs are not similarly situated; however, if this collective action proceeds, summary judgment should be granted as to the Bankruptcy Plaintiffs for two reasons.

First, Section 541 of the Bankruptcy Code requires debtors to affirmatively disclose any and all assets, including future, non-possessory, contingent, unliquidated, speculative, and derivative rights, including the claims at issue here. In Chapter 7 proceedings, assets that the law requires a debtor to disclose, such as the claims at issue here, become part of the bankruptcy estate and the trustee alone has standing to bring the claim. Pursuant to these rules, certain Plaintiffs have bankruptcy cases that converted claims at issue into property of their respective

---

[1] The Bankruptcy Plaintiffs include the following: Allen, Gary; Bessette, Marsha L.; Brown, Rosie M.; Burton, Sarah; Clinton, Lloyd C.; Coffee, David F.; Falt, Jennifer; Fields, Rickey; Finsness, Jon; Ford, Debra A.; Gillham, Annette M.; Grey, Todd; Harris, Leonard W.; Henry, Rodrick T.; Jones, Sabrina A.; Latimore, Della M.; Lee, Eric D.; Little, Debra; Malone, Debbie; McChristy, Holly J.; McQueen, Linda; Nelson, Nancy S.; Ross, Dana Denise; Scott, Jean; Shaw, Isaac; Thibodeaux, Gloria; Thomas, Roy C.; Wilson, Rickey; Wood, Kenneth; Young, Michael S.; Zimmerman, Kelli R.; Zirkle, Peggy; Zissler, Jennifer; Hill, Kimberly L.; Hood, Tina R.; Keown, James; Sallee, Robert; Harper, Jeff R.; Harrell, Lori Kim; Hollanquest, Kendrah; Jones, Karen N.; Kern, Catherine A.; Kubicek, Cheryl; Mitchell, Howard L.; Phillips, Michael S.; Polen, Patrick; Roberts, Rochelle; Robinson, Melissa; Smith, Richard; Smith, Samuel; Stacy, David A.; Tolliver, Walter; Trujillo, Zacharri W.; Tubbs, Antonio; Wilhelm, Susan K.; Yescas, Amberiz; Zavala, Carlos; Atwood, Charles; Bolles, George; Bowman, Marshall; Boyd, Robert; Britt, Sherita; Brooks, Edward A.; Clark, Darrell; Cornelison, Daylon; Courtney, Ronald E.; Cryderman, Cindy A.; Davis, Angela M.; Dobbins, Travis.; Drutowski, Dale J.; Henry, Terrence R.; Howlett, Jasmine; Johnson, Jeremy M.; Robinson, Trey.

bankruptcy estates and, consequently, the Plaintiffs lack standing to prosecute those claims here.

Second, the doctrine of judicial estoppel prevents a litigant from taking a position, gaining from it, and then adopting the opposite position in search of more gain. The doctrine is particularly appropriate where a debtor fails to disclose a claim in bankruptcy but then pursues it elsewhere. Judicial estoppel protects the integrity of the judicial process (rather than adversaries) and thus, consistent with this purpose, adversaries need not show detrimental reliance for this doctrine's proper application. Bankruptcy Plaintiffs knew or should have known of their claims against HSG for allegedly unpaid wages at the time they had an obligation to disclose them in bankruptcy. They failed to make the required disclosures, which is tantamount to a representation that no claim for allegedly unpaid wages existed at all. Accordingly, the Bankruptcy Plaintiffs should be estopped from taking the opposite position now.

For the above reasons, the Court should grant summary judgment as to each of the Bankruptcy Plaintiffs.[2]

## ISSUES TO BE DECIDED BY THE COURT

1. Whether the Bankruptcy Plaintiffs having standing to bring the claims at issue.

2. Whether the Bankruptcy Plaintiffs are judicially estopped from asserting the claims at issue.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

3. On January 1, 2014, Plaintiffs moved to conditionally certify a nationwide class of allegedly similarly situated Account Managers to pursue claims for unpaid wages because (1) the job each performed allegedly did not meet exempt-status criteria and (2) the application of an

[2] If the Court denies summary judgment on the basis of factual disputes, HSG will amend its witness list to include the Bankruptcy Plaintiffs. Any factual disputes relating to this motion must be resolved individually. Thus, denial of summary judgment would further evince the impropriety of a collective action and the need for decertification.

2

allegedly unlawful rounding policy.[3]

4. On May 2, 2014, the Court granted Plaintiffs' motion for conditional certification and noted the statute of limitation for each opt-in would run, at the most, for the three years prior to filing of their respective consent forms.[4]

5. The Bankruptcy Plaintiffs opted into the case.[5]

6. Certain Bankruptcy Plaintiffs filed Chapter 7 bankruptcy petition or had their Chapter 13 bankruptcy proceedings converted to Chapter 7 after the accrual of claims identified in this litigation ("Chapter 7 Plaintiffs").[6]

7. Certain Bankruptcy Plaintiffs filed or had pending Chapter 13 bankruptcy proceedings after the accrual of claims identified in this litigation ("Chapter 13 Plaintiffs").[7]

8. The Bankruptcy Plaintiffs failed to identify under penalty of perjury the existence of any claim against HSG in sworn pleadings filed in the relevant bankruptcy proceedings.[8]

9. For the Chapter 7 Plaintiffs, the bankruptcy courts discharged their debt or issued other orders related to their financial condition, or continue to preside over the petitions.[9]

10. For the Chapter 13 Plaintiffs, the bankruptcy courts confirmed their payment plans, discharged their debt, or issued orders related to their financial condition.[10]

11. The Bankruptcy Plaintiffs have failed to correct their failure to identify under penalty of

---

[3] *See* Dkt # 65 at 5, 9.
[4] *See* Dkt # 65 at 11-12.
[5] *See* Dkt # 85, 86-93, 95- 98, 100, 102-104, 106- 109, 113-115, 117, 124-128, 130-138, 140, 142-185.
[6] Declaration of Robert A. Escalante ¶ 2; *see* Exs. 4, 9, 11, 13, 15, 17, 23, 29, 31, 33, 40, 42, 56, 58, 70, 72, 75, 79, 85, 87, 105,  111, 113, 115, 117, 131, 133, 135,  141, 143, 146, 148, 155, 160.
[7] Declaration of Robert A. Escalante ¶ 2; *see* Exs. 1, 7, 19, 21, 25, 27, 35, 38, 44, 46, 50, 52, 54, 61, 63, 65, 68, 77, 81, 83, 89, 91, 93, 95, 97, 101, 108, 119, 121, 123, 125, 128, 137, 139, 150, 152, 157, 162, 164, 166.
[8] *See* Exs. 2, 3, 5, 6, 8, 10, 12, 14, 16, 18, 20, 22, 24, 26, 28, 30, 32, 34, 36, 37, 39, 41, 43, 45, 47, 48, 49, 51, 53, 55, 57, 59, 60, 62, 64, 66, 67 69, 71, 72, 74, 77, 78, 80, 82, 84, 86, 88, 90, 92, 94, 96, 98, 99, 100, 102, 104, 106, 107, 109, 110, 112, 114, 116, 118, 120, 122, 124, 126, 127, 129, 130, 132, 134, 136, 138, 140, 142, 144, 145, 147, 149, 151, 153, 154, 156, 158, 159, 161, 163, 165, 167.
[9] *See* Exs. 4, 9, 11, 13, 15, 17, 23, 29, 31, 33, 40, 42, 56, 58, 70, 72, 75, 79, 85, 87, 105,  111, 113, 115, 117, 131, 133, 135,  141, 143, 146, 148, 155, 160.
[10] *See* Exs. 1, 7, 19, 21, 25, 27, 35, 38, 44, 46, 50, 52, 54, 61, 63, 65, 68, 77, 81, 83, 89, 91, 93, 95, 97, 101, 108, 119, 121, 123, 125, 128, 137, 139, 150, 152, 157, 162, 164, 166.

perjury any claims against HSG in the relevant bankruptcy proceedings.

## LEGAL ARGUMENT

### I.    Summary Judgment Standard

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Although in deciding a motion for summary judgment the court must draw all reasonable inferences in favor of the non-moving party, once the moving party has demonstrated a lack of evidence to support the non-moving party's case, the non-moving party cannot simply rest on the allegations in the pleadings, but "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 323-25; *Anderson v. Lib. Lobby, Inc.*, 477 U.S. 242, 255 (1986); *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). The Fifth Circuit has held that "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden." *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc) (*citing Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994)).

### II.    The Chapter 7 Plaintiffs Lack Standing[11]

When a debtor files a Chapter 7 bankruptcy petition, all of a debtor's assets, including causes of action, vest in the bankruptcy estate. *See* 11 U.S. C. § 541 (a)(1); *Kane v. Nat'l Union Fire Ins. Co.*, 535 F.3d 380, 385 (5th Cir. 2008); *Vineyard v. BAC Home Loan Serv., LP*, No. A-

---

[11] In Chapter 13 proceedings, unlike Chapter 7 proceedings, debtors have standing to bring claims on behalf of the bankruptcy estate. *Smith v. Rockett*, 522 F.3d 1080, 1081 (10th Cir. 2008); *Crosby v. Monroe*, 394 F.3d 1328, 1331 n.2 (11th Cir. 2004); *Cable v. Ivy Tech State College*, 200 F.3d 467, 472-74 (7th Cir. 1999); *Olick v. Parker & Parsley Petroleum Co.*, 145 F.3d 513, 515-16 (2d Cir. 1998); *Maritime Elec. Co v. United Jersey Bank*, 959 F.2d 1194, 1209 n.2 (3d Cir. 1992). This distinction, however, derives from statute, *see Smith*, 522 F.3d at 1081, and does not affect the application of judicial estoppel, which, as discussed in Section III, courts apply in Chapter 13 proceedings.

10-CV-842-LY, 2011 WL 8363481, *3-4 (W.D. Tex. Dec. 28, 2011). The bankruptcy trustee, as the representative of the bankruptcy estate, stands as the only party who may prosecute the estate's causes of action. *Kane*, 535 F.3d at 385; *see also Vineyard*, 2011 WL 8363481 at *3-4. Upon the close of a Chapter 7 case, undisclosed property of the estate remains property of the estate until properly abandoned or administered. 11 U.S.C. § 541(a)(d); *Kane*, 535 F.3d at 385; *Vineyard*, 2011 WL 8363481 at *4.

In the present case, claims at issue for the Chapter 7 Plaintiffs became a part of their respective bankruptcy estates. The Chapter 7 Plaintiffs have identified claims in this litigation that existed prior to the filing of their respective petitions or conversion.[12] Thus, the cause of action belongs to the estate. *See* 11 U. S. C. § 541 (a)(1); *Kane*, 535 F.3d at 385; *Vineyard,* 2011 WL 8363481 at *3-4. There is no evidence that the trustees in these cases knowingly abandoned or administered these claims. This is not surprising, as the Chapter 7 Plaintiffs entirely failed to identify under penalty of perjury the existence of such claims in their respective proceedings.[13] *In re Superior Crewboats*, 374 F.3d 330, 335 (5th Cir. 2004) (finding that when a debtor fails to disclose a claim in bankruptcy, it is "tantamount to a representation that no such claim existed."). Consequently, judgment should be granted as to the Chapter 7 Plaintiffs because they lack standing. *Vineyard*, 2011 WL 8363481 at *5 (granting summary judgment against plaintiff for lack of standing because plaintiff failed to disclose claim at issue and provided no evidence that the trustee had abandoned the claim).

---

[12] Declaration of Robert A. Escalante ¶ 2; *see* Exs. 4, 9, 11, 13, 15, 17, 23, 29, 31, 33, 40, 42, 56, 58, 70, 72, 75, 79, 85, 87, 105,  111, 113, 115, 117, 131, 133, 135,  141, 143, 146, 148, 155, 160.

[13] *See* Exs. 2, 3, 8, 20, 22, 26, 28, 36, 37, 39, 45, 47, 48, 49, 51, 53, 55, 62, 64, 66, 67, 69, 78, 82, 84, 90, 92, 94, 96, 98, 99, 102, 109, 110, 120, 122, 124, 126, 127, 129, 130, 138, 140, 151, 153, 154, 158, 159, 163, 165, 167.

### III. The Bankruptcy Plaintiffs are Judicially Estopped from Prosecuting the Claims at Issue

"Judicial estoppel is 'a common law doctrine by which a party who has assumed one position in his pleadings may be estopped from assuming an inconsistent position.'" *In re Coastal Plains, Inc.*, 179 F.3d 197, 205 (5th Cir. 1999) (*citing Brandon v. Interfirst Corp.*, 858 F.2d 266, 268 (5th Cir. 1988)). The doctrine is designed "'to protect the integrity of the judicial process,' by 'preventing parties from playing fast and loose with the courts to suit the exigencies of self interest.'" *In re Coastal Plains*, 179 F.3d at 205. Because the doctrine exists to protect the judicial system, "*rather than the litigants*," a party, such as HSG, has no burden to show that it detrimentally relied on the representations for proper application of the doctrine. *See id.* (*citing Matter of Cassidy*, 892 F.2d 637, 641 & n.2 (7th Cir. 1990)) (emphasis in original). Judicial estoppel is "particularly appropriate where [as here] a party fails to disclose an asset to a bankruptcy court, but then pursues a claim in a separate tribunal based on that undisclosed asset." *Love v. Tyson Foods, Inc.*, 677 F.3d 258, 261-62 (5th Cir. 2012) (*quoting Jethroe v. Omnova Solutions, Inc.*, 412 F.3d 598, 600 (5th Cir. 2005)).

The Fifth Circuit has outlined three requirements for the application of judicial estoppel: the party must have (1) taken a position plainly inconsistent with a previous legal position; (2) a court accepted the previous legal position; and (3) the party did not act inadvertently. *See Jethroe*, 412 F.3d at 600 (5th Cir. 2005) (*citing In re Coastal Plains, Inc.*, 179 F.3d at 206-07)).

#### A. The Bankruptcy Plaintiffs Have Taken Plainly Inconsistent Positions

"A long-standing tenet of bankruptcy law requires one seeking benefits under its terms to satisfy a companion duty to schedule, for the benefit of creditors, all his interests and property

6

rights." *In re Hannan*, 127 F.2d 894 (7th Cir. 1942).[14] Accordingly, "[b]ankruptcy debtors have an express, affirmative duty to disclose all assets, including contingent and unliquidated claims." *In re Coastal Plains, Inc.*, 179 F.3d 197, 207-208 (5th Cir. 1999); 11 U.S.C. § 521(a)(1). "Viewed against the backdrop of the bankruptcy system and the ends it seeks to achieve, the importance of this disclosure *cannot be overemphasized*." *In re Coastal Plains, Inc.*, 179 F.3d at 208 (emphasis added). Accordingly, where a debtor fails to disclose a claim in bankruptcy, it is "tantamount to a representation that no such claim existed." *In re Superior Crewboats*, 374 F.3d at 335; *see also In re Flugence*, 738 F.3d 126, 129 (5th Cir. 2013) ("Because Flugence had an affirmative duty to disclose her personal-injury claim to the bankruptcy court and did not do so, she impliedly represented that she had no such claim.").

For example, in *Abreu v. Zale Corp.*, the court judicially estopped a plaintiff from bringing a claim for unpaid overtime due to misclassification because she failed to disclose the claim in her bankruptcy proceeding. No. 3:12-cv-2620-d, 2013 WL 1949845 (N.D. Tex. May 13, 2013). The court found plaintiff's failure to disclose the claim to the bankruptcy court constituted a clear representation that, contrary to the position she took in her civil case, no such claim existed. *Id.* at *2. "The two positions are 'plainly inconsistent.'" *Id.* (*quoting Anderson v. Entergy Operations, Inc.*, No. 5:11-cv-103-DPJ-FKB, 2012 WL 5400059, at *3 (S.D. Miss. Nov. 5, 2012) (finding inconsistency under materially identical facts)).

Similarly here, the Bankruptcy Plaintiffs have taken plainly inconsistent positions because in their respective bankruptcy proceedings they failed to disclose claims against HSG. In

---

[14] As part of the bankruptcy filing, the debtor must state and certify to the accuracy of a number of matters, including several schedules. Schedule B, "Personal Property," requires the debtor to disclose all of the debtor's contingent and unliquidated claims. Schedule B also has a catch-all category for any other property of any kind. *See* Exs. 2, 3, 5, 6, 8, 10, 12, 14, 16, 18, 20, 22, 24, 26, 28, 30, 32, 34, 36, 37, 39, 41, 43, 45, 47, 48, 49, 51, 53, 55, 57, 59, 60, 62, 64, 66, 67 69, 71, 72, 74, 77, 78, 80, 82, 84, 86, 88, 90, 92, 94, 96, 98, 99, 100, 102, 104, 106, 107, 109, 110, 112, 114, 116, 118, 120, 122, 124, 126, 127, 129, 130, 132, 134, 136, 138, 140, 142, 144, 145, 147, 149, 151, 153, 154, 156, 158, 159, 161, 163, 165, 167.

effect, this failure to disclose constituted a representation that no actual or potential claim exists against HSG based on their respective employment with HSG as Account Managers. *See Abreu*, 2013 WL 1949845, at *2; *see also In re Superior Crewboats*, 374 F.3d at 335  (noting where a debtor fails to disclose is "tantamount to a representation that no such claim existed"); *In re Flugence*, 738 F.3d at 129 (same). Notwithstanding this fact, they have now come into this Court claiming the opposite, *i.e.*, that such a claim does exist. The positions are plainly inconsistent and satisfy the first prong for application of judicial estoppel.

## B. The Bankruptcy Plaintiffs Inconsistent Positions Have Been Accepted by the Bankruptcy Courts

The "judicial acceptance" requirement "does not mean that the party against whom the judicial estoppel doctrine is to be invoked must have prevailed on the merits." *In re Coastal Plains, Inc.*, 179 F.3d at 206; *In re Superior Crewboats*, 374 F.3d at 335. For example, courts have regularly found implicit acceptance of debtor's representations when a bankruptcy court confirms a debtors' plan or discharges debt. *See, e.g., In re Flugence*, 738 F.3d 126, 130 (5th Cir. 2013) (finding confirmation constitutes acceptance); *Johnson v. Deutsche Bank Nat. Trust Co.*, No. 3:12-cv-3542-L, 2013 WL 3810715, *8 (N.D. Tex. July 23, 2013) (finding discharge constitutes acceptance); *Abreu*, 2013 WL 1949845, at *2 (same); *see also Bauer v. Dean Morris, L.L.P.*, No. 08-5012, 2011 WL 1303814, *5 (E.D. La. Mar. 30, 2011) ("Implicit in the order that unsecured creditors would be paid nothing is the bankruptcy judge's acceptance of plaintiffs' representations in the bankruptcy schedules.").

For example, in *Abreu*, the court found judicial acceptance upon confirmation of the plaintiff's bankruptcy plan. *Abreu*, 2013 WL 1949845 at *3. The court noted, "reliance need not be explicit." *Id.* Rather, the court continued, it could be assumed when judicial action takes

place, at least in part, on its assessment of the totality of a debtor's schedules and other information. *Id.*; *see Jethroe*, 412 F.3d at 600 ("[The bankruptcy] court certainly confirmed [debtor's] plan at least in part based on its assessment of her assets and liabilities"); *Edwards v. Huntington Ingalls, Inc.*, 2011 WL 3891872, at *6 (S.D. Miss. Aug. 29, 2011) ("This Court concludes that, by confirming a Chapter 13 Plan for Plaintiff, the Bankruptcy Court relied, at least in part, on Plaintiff's bankruptcy schedules as presented[.]"). The court thus found that the confirmation of the plaintiff's bankruptcy plan "undoubtedly" involved judicial reliance on the plaintiff's inconsistent position. Accordingly, the second prong of the court's analysis was satisfied.

Similarly, here, the bankruptcy courts have accepted the Bankruptcy Plaintiffs' inconsistent positions. In each proceeding, the bankruptcy courts' acceptance has been reflected in orders relying on the Bankruptcy Plaintiffs' financial condition as reflected in their sworn pleadings. For instance, in the vast majority the acceptance took the form of debtor-plan confirmation and debt discharge.[15] Other preliminary orders similarly accepted the Bankruptcy Plaintiffs' representations concerning their financial condition.[16] Accordingly, the second prong has been satisfied.

## C.  The Bankruptcy Plaintiffs Did Not Act Inadvertently

Importantly, "inadvertent disclosure" is limited to situations where the debtor (a) lacks knowledge of the undisclosed claim or (b) has no motive for their concealment. *In re Coastal Plains, Inc.*, 179 F.3d at 210. A debtor "need not know all the facts or even the legal basis for the cause of action," rather, if the debtor had enough information to "suggest" a "possible cause of

---

[15] *See* Exs. 1, 4, 7, 9, 11, 13, 15, 17, 19, 21, 23, 25, 27, 29, 31, 33, 40, 42, 44, 46, 50, 52, 54, 56, 58, 61, 63, 65, 68, 70, 72, 79, 81, 83, 85, 87, 89, 91, 93, 95, 97, 101, 105, 108,  111, 113, 115, 117, 121, 123, 125, 128, 131, 133, 135, 137, 139, 141, 143, 146, 148, 150, 152, 155, 157, 160, 162, 164, 166.
[16] *See* Exs. 35, 38, 75, 77.

action," "then that is a 'known' cause of action" for purposes of the duty to disclose. *In re Coastal Plains, Inc.*, 179 F.3d at 208. When a plaintiff fails to disclose a claim in bankruptcy, the motive of a plaintiff-debtor is self-evident: the potential for civil damages they can keep for themselves rather than use to pay creditors. *Love*, 677 F.3d at 262 (holding that "[m]otivation in this context is self-evident").

Again, in *Abreu*, the court found plaintiff had not acted inadvertently. 2013 WL 1949845, at *3-4. It noted that knowledge of her duties and unpaid overtime constituted knowledge of the claim for purposes of disclosure. *Id.* at *3. Moreover, the court found, she had clear motive to conceal because she would reap a windfall if allowed to recover on her claim without disclosing it to the bankruptcy court. *Abreu*, 2013 WL 1949845, at *4; *Love v. Tyson Foods, Inc.*, 677 F.3d 258, 262 (5th Cir. 2012) ( "the motivation sub-element is almost always met if a debtor fails to disclose a claim or possible claim to the bankruptcy court.").

Similarly, here, the Bankruptcy Plaintiffs did not act inadvertently. The Bankruptcy Plaintiffs' claims relate to unpaid wages and the allegation that their job duties do not render them exempt.[17] Knowledge of their individual duties and unpaid wages is sufficient to satisfy the knowledge requirement, *Abreu*, 2013 WL 1949845, at *3-4, and these facts were manifestly known to them as Account Managers at the time they had a duty to disclose them to the bankruptcy court.[18] *In re Coastal Plains, Inc.*, 179 F.3d at 208 (noting a debtor "need not know all the facts or even the legal basis for the cause of action," rather, if the debtor had enough information to "suggest" a "possible cause of action," "then that is a 'known' cause of action" for purposes of the duty to disclose). Nevertheless, each denied the existence of claims arising

---

[17] *See* Dkt # 65 at 5, 9.
[18] Declaration of Robert A. Escalante ¶ 2; *see* Exs. 1, 4, 7, 9, 11, 13, 15, 17, 19, 21, 23, 25, 27, 29, 31, 33, 35, 38, 40, 42, 44, 46, 50, 52, 54, 56, 58, 61, 63, 65, 68, 70, 72, 75, 77, 79, 81, 83, 85, 87, 89, 91, 93, 97, 101, 105,  108, 111, 113, 115, 117, 119, 121, 123, 124, 128, 131, 133, 135,  137, 139, 141, 143, 146, 148, 150, 152, 155, 157, 160, 162, 164, 166.

from their time as Account Managers and has failed to amend these representations even after joining this case. Knowledge of the claim and motive for nondisclosure is thus clear, *Abreu*, 2013 WL 1949845, at *4, *Love*, 677 F.3d at 262, and the third prong is satisfied.

Bankruptcy Plaintiffs cannot pursue a civil claim for their own benefit after they denied it existed in an effort to gain from their respective bankruptcies. The Fifth Circuit has affirmed this principle "[t]ime and time again," applying judicial estoppel broadly. *Love*, 677 F.3d at 265. Dismissal is "particularly appropriate" in cases, when a debtor obtains relief from a bankruptcy court by representing that no claim exists and then subsequently asserts those claims for their own benefit in a separate proceeding. *Id.* at 262 (*quoting Jethroe*, 412 F.3d at 600). Accordingly, judgment should be granted as against the Bankruptcy Plaintiffs.

## CONCLUSION

For all the foregoing reasons, the Court should find the Chapter 7 Plaintiffs lack standing and the Bankruptcy Plaintiffs are estopped from asserting the claims at issue. Accordingly, the Court should issue an order dismissing all Bankruptcy Plaintiffs.


Respectfully submitted,                        Dated:  May 5, 2015

**CONSTANGY, BROOKS, SMITH**          **PROSKAUER ROSE LLP**
**& PROPHETE, LLP**

                                               *s/ Kenneth D. Sulzer*
Steven Moore (*admitted pro hac vice*)          Kenneth D. Sulzer (pro hac vice)
Colorado State Bar No:  23320                   **LEAD COUNSEL FOR DEFENDANT**
smoore@constangy.com                            **PER LOCAL RULE CV-11(a)**
1625 17th Street, Third Floor                   CA State Bar No. 120253
Denver, Colorado 80202                          ksulzer@proskauer.com
Telephone: 720-343-7540                         2049 Century Park East, 32nd Floor
Fax: 720-343-7541                               Los Angeles, CA  90067-3206
                                                Telephone: (310) 557-2900
                                                Facsimile:  (310) 557-2193

**SIEBMAN, BURG, PHILIPS & SMITH LLP**

Michael C. Smith
Texas Bar No. 18650410
michaelsmith@siebman.com
113 East Austin Street
Marshall, TX  75670
Telephone:  (903) 938-8900
Facsimile:  (972) 767-4620)

ATTORNEYS FOR DEFENDANT
HEALTHCARE SERVICES GROUP, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was filed electronically and is available for viewing on the Court's ECF system, which will send notifications of such filing to the following:

Dorotha Ocker
Ocker Law Firm, PLLC
2340 East Trinity Mills Road
Suite 300
Carrollton, Texas 75006
dmo@ockerlawfirm.com
Counsel for Plaintiffs

John T. Holleman
Holleman & Associates, P.A.
1008 West Second Street
Little Rock, Arkansas 72201
jholleman@johnholleman.net
Counsel for Plaintiffs

Dated: May 5, 2015                    /s/ *Robert A. Escalante*_____
                                       Robert A. Escalante